Case 04-01319    Filed 06/01/05    Doc 45

FILED
JUN -1 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1 | **7** |
| 2 | **TRUDI G. MANFREDO**, Bar No. 166474<br>Attorney at Law |
| 3 | 545 East Alluvial, Suite 112<br>Fresno, California 93720 |
| 4 | Telephone: (559) 449-9069<br>Facsimile:   (559) 449-9016 |
| 5 | Attorney for Randell Parker |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In the Matter of

SAMMYE A. RICHARDSON,

       Debtor.

(Michael Amir Richardson
Case No. 02-10810-A-7)
       Debtor.

RANDELL PARKER, TRUSTEE,

       Plaintiff,

vs.

MICHAEL AMIR RICHARDSON,

       Defendant

Case No.  02-10465-A-7

Chapter 7

**Jointly Administered Cases**

TGM-1

Adversary No. 04-1319-A

Date: May 18, 2005
Time: 1:30 p.m.
1300 18TH Street,
Bakersfield, California
The Honorable Whitney Rimel

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Trustee's Motion for Summary Judgement or, in the Alternative Summary Adjudication ("Motion") came on regularly for Hearing on May 18, 2005, at 1:30 p.m. in the United States Bankruptcy Court, 1300 18th Street, Bakersfield, California.

1

Attorney Trudi G. Manfredo appeared on behalf of Randell Parker, Chapter 7 Trustee. There were no other appearances.

### Request for Continuance

Debtor filed a request that the hearing on the Motion be continued. Under the entire facts and circumstances of this case, the Court is unwilling to grant a continuance.

Ms. Richardson states that she's unable to be in Court today because she is in school in Arizona; however, the pleading that requested the continuance was filed in Fresno, California, on Thursday, May 12, 2005. The Richardsons came to the Courthouse on May 12, 2005 to file the document. The motion might have been granted had there been any grounds stated in the request for a continuance that indicated any cognizable ground for opposing either motion, but there was not.

### Motion for Summary Judgment

The Motion, which was filed and served on April 19, 2005, was adequately noticed on twenty-eight days' notice. There was no timely opposition to the Motion.

The Court deems much of the material in the applications for a continuance and in the counter motion for summary judgment to be an opposition to the Motion in each adversary proceeding filed by Plaintiff.

Through this adversary proceeding, Plaintiff seeks to deny Debtor's discharge. It is sufficient to deny a discharge if only one ground for denial of discharge is found. The Court need not find that every single ground exists to deny a discharge. There are sufficient grounds to deny the discharge of Sammye and Michael Richardson.

One of the grounds for denial of discharge that Plaintiff asserts is failure to deny court orders. To the extent that the orders that were not obeyed were discovery orders, wherein terminating sanctions were issued, or attorneys fees were issued, in the Court's view, additionally sanctioning the Debtors by denying their discharge would be excessive.

Mr. Richardson originally filed Chapter 13 case in the Eastern District of California, Case No. 01-17082 on July 27, 2001. This case was dismissed because of exceeding the jurisdictional limit on July 14th, 2002.

Mr. Richardson then filed a Chapter 11 petition on January 28, 2002 in the Eastern District of California. An order converting the case to one under a Chapter 7 was entered on March 29, 2002 and is the current case herein.

Mrs. Richardson filed a Chapter 13 on August 2, 2001, Case No. 01-17521, which was terminated on November 12, 2001.

Mrs. Richardson then filed a Chapter 11 petition on January 17, 2002 in the Easter District of California. An order converting the case to one under Chapter 7 was entered on April 1, 2002 and is the current case herein.

On February 25, 2002, both Mr. and Mrs. Richardson each filed Chapter 11 cases in the Eastern District of Arizona which were terminated July 31, 2002.

The standards for granting summary judgment are found in Rule 56 of the Federal Rules of Civil Procedure, which are made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure. If the evidence submitted by the moving party shows there's no genuine issue of material fact and that the moving

party is entitled to judgment as a matter of law, judgment shall be entered in favor of the moving party.

The Court does not weigh the evidence in a motion for summary judgment. It simply determines whether there's a genuine issue for trial. In re Schwinn Bicycle Company, 182 B.R. 514 (N.D. Illinois 1995).

None of the matters raised in the materials filed by Mr. and Mrs. Richardson in connection with these motions raises a genuine issue for trial on the subject of whether they, or either of them, should be entitled to a discharge under 11 U.S.C. § 727 of the Bankruptcy Code.

Objections to discharge are liberally construed in favor of debtors, but the discharge is only for honest debtors who cooperate with the Court and the trustee. In re Bernard, 96 F.3d 1279, 1281 (9th Cir. 1996).

The standard that the Court uses is the preponderance of the evidence standard. In re Scott, 172 F.3d 959 (7th Cir. 1999). The court will not [~~I am not going to~~] deny discharge based on failure to obey Court orders. But the court [~~I~~] will generally find, and the evidence compiled by moving party shows, that the defendants, and each of them, have continually violated Court orders in these Chapter 7 cases and in various adversary cases. They, and each of them, particularly Mrs. Richardson, have filed numerous documents that are replete with irrelevant, incomprehensible, and defamatory material, despite having been told by the Court in writing and from the bench that she should not continue to do so. This finding applies specifically to Mrs. Richardson, not Mr. Richardson.

Mr. and Mrs. Richardson both filed schedules of assets and liabilities in their respective bankruptcy cases. The schedules of assets and liabilities filed in these cases omitted assets that could be and, in fact, were administered by the trustee. Each of the Richardsons' Schedule B failed to list a lawsuit against the Bank of America and notes secured by a deed of trust. The notes were held by MR Investments 1, a sole proprietorship consisting of Michael Richardson and Sammye Richardson. There was no indication of these notes on the schedules of either Michael or Sammye Richardson, but the trustee was able to administer them.

The schedules and statements of affairs were signed by the Richardsons, and each of them under oath, and these schedules as stated above, omitted material assets. (11 U.S.C. section 727 (4)(A)).

Even of more importance to the Court is that neither Mrs. Richardson nor Mr. Richardson ever allowed themselves to be examined under oath regarding the assets and liabilities of the bankruptcy estate. 11 U.S.C. section 341(a) meetings were held by the Trustee. It is a requirement of a bankruptcy case that debtors attend the 341 meeting and cooperate with the trustee in the liquidation of assets. Both Mr. And Mrs. Richardson failed to attend their depositions, even after they were ordered to do so, in an adversary proceeding to set aside a fraudulent transfer.

The Court finds that Mr. And Mrs. Richardson, and each of them, did remove, conceal, or permit to be removed property of the estate after the date of filing the petition. Concealment

1 includes preventing discovery, fraudulently transferring or
2 withholding knowledge or information required by law to be made
3 known. And the refusals to attend depositions and the refusals
4 to attend 341 meetings are, indeed, such instances of
5 concealment, as are the failures to schedule assets of the
6 estate. (11 U.S.C. section 727(a)(2)(B)).
7     Mrs. Richardson and Mr. Richardson have sued the trustee's
8 agents, buyers and prospective buyers of the bankruptcy estate
9 property, have sued the trustee, have sued the trustee's
10 attorney, have sued members of the Court of the Eastern District
11 of California.
12     The trustee had to file an action to obtain injunctive
13 relief in order to allow a sale of real property of this estate
14 to go forward because Mrs. Richardson interfered with the sale,
15 and the trustee was required to come to this court to get an
16 injunction against that interference.
17     The debtors have failed to explain satisfactorily before the
18 determination of denial of discharge any loss of assets or
19 deficiency of assets to meet liabilities. Because neither Mr. or
20 Mrs. Richardson have not provided any explanation for any loss of
21 assets or deficiency of assets, they have failed to explain this
22 satisfactorily (11 U.S.C. section (a)(5)).
23     The Richardsons filed a document applying for summary
24 judgment themselves in Adversary No. 04-1320, captioned,
25 "Application for summary judgment in favor of victim, Michael
26 Richardson, who has been held in a bankruptcy based on
27 premeditation of officers of the court and deep-party accomplices
28 in support of the May 4th, 2005, opposition to Randell Parker's

```
 1  motion for summary judgment or adjudication, and his own motion
 2  filed as a joinder to Sammye Richardson's motion for extension to
 3  respond to Parker-Manfredo motion for summary judgment ... set for
 4  May 18th"
```

This document says nothing about the Richardsons' failure to cooperate in discovery, failure to testify at the 341 meetings, failure to schedule assets on their bankruptcy schedules, and interference with the trustee's liquidation of assets. It simply repeats accusations made by the Richardsons about unrelated third parties, having to do primarily with the District Court action and what the Richardsons view is the scheme by numerous people against them. None of it has to do with any relevant fact before the Court in these two 11 U.S.C. section 727 actions.

For all these reasons the Court finds and concludes that Plaintiff's Motion for Summary Judgment in each of these adversary proceedings should be granted. There are no disputed issues of material fact. Neither Sammye Richardson nor Michael Richardson is entitled to a discharge in either of these Chapter 7 cases.

Dated: 6/1/05

_____
WHITNEY RIMEL
UNITED STATES BANKRUPTCY JUDGE